OF

## THE STATE OF IOWA,

FORT DES MOINE, NOVEMBER TERM, 1852.

In the sixth year of the State.

———◦·◦◦———

PRESENT:[*]
HON. JOHN F. KINNEY, } JUDGES.
 "   GEORGE GREENE, }

———◦ ◦ ◦———

## PERRY v. THE STATE.

An accusation against an attorney should so specify the words alleged to be insulting, and so describe the acts alleged to be disrespectful, that the accused may know what words or acts he is called upon to defend.

An attorney may be rejected from the bar for making a false oath or a false professional statement.

Where the evidence against an attorney tends to establish only two or three of the charges against him, and leave the other charges without any proof, a judgment goes too far which finds him " guilty of the charges in said accusation."

The finding or judgment should specify the particular charge or charges upon which an attorney's guilt is pronounced.

---

* Judge WILLIAM's attendance prevented by sickness.

Perry *v.* The State.

Appeal *from Polk District Court.*

*Opinion by* Greene, J.  Lewis Todhunter filed, in the district court, an accusation against John M. Perry, a practising attorney.  The accusation charges that Perry destroyed, so far as he could, the respect due the court, by insulting language to the judge while officially occupied; that he disobeyed an official order of the court; that for the purpose of sustaining a certain cause confided to him, he employed other means than those which were co·sistent with truth, and voluntarily became a witness, and as such, swore to statements that were not true; that in the same case he tried to mislead the court by a false statement of facts, to-wit: that there was a credit on a certain memorandum book, in the possession of Wm. C. Buzick, a witness upon the stand in the case, when in fact there was no such credit; and that he had been guilty of using offensive personalities to a member of the bar of said court, by calling said Todhunter a liar, during the sitting, and within the bar of said court.  The above is the substance of the charges, to which defendant filed a demurrer, under the following specifications:  1. The accusation does not specially charge in what particular the accused has destroyed the respect due the court.  2. It does not specially charge in what case, or in what respect the accused disobeyed the order of the court.  3. It charges accused with false swearing, but does not allege that a conviction for perjury has been had for such swearing.  This demurrer was overruled.  In this, we think, the court erred.  We consider the accusation defective, as specified in the first and second causes named in the demurrer.  The accusation should specify the manner in which the court was treated disrespectfully.  If it was done by insulting language, the

words used by the accused should be given; if by disrespectful acts, those acts should be described, so that the accused may know what words or acts he is required to defend.

The second charge in the accusation is as follows: " In disobeying the orders of your Honor while engaged in your official capacity." This, surely, is too general, and by far too vague. It should show what order he disobeyed.

So far as the third ground of demurrer is concerned, we only deem it necessary to remark, that if the accused made a false professional statement, or swore false, as specified in the accusation, a conviction of perjury was not necessary to justify the court in rejecting him from the bar. But as the first two causes were good, the court erred in overruling the demurrer.

The second error assigned is, that the finding and judgment of the court below is against the evidence. It appears by the record that the court " found John M. Perry guilty of the charges in said accusation." This finding, we think, goes much too far. While two or three of the charges are sufficiently established by proof, there is no evidence whatever upon which the other charges can be sustained. Some of these charges, upon which there is no proof of guilt, involve deep moral turpitude. However unjustifiable the conduct of the accused may have been towards the court, however undignified and ungentlemanly to call a brother of the same profession a liar, however unprofessional for an attorney to volunteer his own testimony to sustain a client's cause, still it is equally repulsive to cast upon him the odium of offenses which are in no way supported by proof. The finding or judgment should specify the particular charge or charges upon which this guilt was pronounced.

Judgment reversed.

*C. Bates*, for appellant.

*J. E. Jewett* and *W. W. Williamson*, for the state.